UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

MICHAEL AND CONNIE SMITH,

        Plaintiffs,

                                      Case No. 3:23-cv-979-MMH-PDB

vs.

TOWER HILL SIGNATURE
INSURANCE COMPANY,

        Defendant.
_____/

**O R D E R**

**THIS CAUSE** is before the Court sua sponte.  Federal courts are courts of limited jurisdiction and therefore have an obligation to inquire into their subject matter jurisdiction.  See Kirkland v. Midland Mortg. Co., 243 F.3d 1277, 1279-80 (11th Cir. 2001).  This obligation exists regardless of whether the parties have challenged the existence of subject matter jurisdiction.  See Univ. of S. Ala. v. Am. Tobacco Co., 168 F.3d 405, 410 (11th Cir. 1999) ("[I]t is well settled that a federal court is obligated to inquire into subject matter jurisdiction sua sponte whenever it may be lacking.").  "In a given case, a federal district court must have at least one of three types of subject matter jurisdiction: (1) jurisdiction under a specific statutory grant; (2) federal question jurisdiction

pursuant to 28 U.S.C. § 1331; or (3) diversity jurisdiction pursuant to 28 U.S.C. § 1332(a)." Baltin v. Alaron Trading Corp., 128 F.3d 1466, 1469 (11th Cir. 1997).

On August 21, 2023, Defendant Tower Hill Signature Insurance Company filed a notice of removal purporting to remove this action from the Circuit Court of the Fourth Judicial Circuit, in and for Duval County, Florida. See Defendant Tower Hill Signature Insurance Company's Petition for Removal (Doc. 1; Notice). In the Notice, Tower Hill invokes this Court's diversity jurisdiction pursuant to 28 U.S.C. § 1332. See Notice at 2-3. In support of the assertion regarding diversity of citizenship, Tower Hill asserts that it is a "a Florida corporation with its principal place of business in Gainesville, Florida." See id. at 2. Tower Hill alleges that "Plaintiffs reside [in] Atlanta, Georgia." Id. In support, Tower Hill cites to Plaintiffs' mailing address as listed on the renewal policy issued in October of 2020. See id. at 2, Ex. C. However, as explained below, these allegations are insufficient to establish Plaintiffs' citizenship. Significantly, contrary to Tower Hill's allegations, Plaintiffs affirmatively allege in the Amended Complaint that they are citizens of Florida and residents of Duval County. See Amended Complaint (Doc. 5) ¶ 2. As such, on the current record, the Court appears to lack diversity jurisdiction over this action.

For a court to have diversity jurisdiction pursuant to 28 U.S.C. § 1332(a), "all plaintiffs must be diverse from all defendants." Univ. of S. Ala., 168 F.3d at 412. In order to establish diversity over a natural person, a party must include

2

allegations of the person's citizenship, not where he or she resides. Taylor v. Appleton, 30 F.3d 1365, 1367 (11th Cir. 1994). A natural person's citizenship is determined by his or her "domicile," or "the place of his true, fixed, and permanent home and principal establishment . . . to which he has the intention of returning whenever he is absent therefrom." McCormick v. Aderholt, 293 F.3d 1254, 1257-58 (11th Cir. 2002) (quotation and citation omitted). Accordingly, the assertion in the Notice as to the Smiths' residence is insufficient to establish their citizenship for diversity purposes. See Taylor, 30 F.3d at 1367 ("Citizenship, not residence, is the key fact that must be alleged in the complaint to establish diversity for a natural person."); see also Miss. Band of Choctaw Indians v. Holyfield, 490 U.S. 30, 48 (1989) ("'Domicile' is not necessarily synonymous with 'residence[.]'").[1] Given Plaintiffs' affirmative allegation in the Amended Complaint that they are citizens of Florida, it appears that the parties are not of diverse citizenship as required to establish diversity jurisdiction. Accordingly, the Court will direct Tower Hill to show cause why this case should not be remanded for lack of jurisdiction.

In addition to the jurisdictional problems with the Notice, the Court notes that the removal of this action to federal court violates the forum defendant rule. Specifically, 28 U.S.C. § 1441(b)(2) provides in pertinent part that "[a] civil

---

[1] Nor does the Court find the Smiths' mailing address on a document dated nearly three years ago to be particularly indicative of their current domicile. See Notice at 2, Ex. C.

3

action otherwise removable solely on the basis of the jurisdiction under section 1332(a) of this title may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." 28 U.S.C. § 1441(b)(2). In accordance with this statute, a defendant may only remove a case to federal court based upon diversity jurisdiction if no properly named defendant is "a citizen of the state in which such action is brought." Caterpillar v. Lewis, 519 U.S. 61, 68-69 (1996) (quoting 28 U.S.C. § 1441(b)); see also Pacheco de Perez v. AT&T Co., 139 F.3d 1368, 1373 (11th Cir. 1998) (finding that "diversity will not support removal jurisdiction . . . if any of the properly joined defendants are citizens of the state in which the suit was originally filed."). Thus, remand may be warranted when a case is removed on diversity of citizenship grounds and there is a properly joined defendant who is a citizen of the state in which the action was filed. See Henderson v. Washington Nat'l Ins. Co., 454 F.3d 1278, 1281 (11th Cir. 2006) (citing Lincoln Prop. Co. v. Roche, 546 U.S. 81, 90 (2005) (citing 28 U.S.C. § 1441(b)). In this case, Tower Hill identifies itself as a citizen of the state of Florida. See Notice at 2. As such, Tower Hill is a citizen of the state in which this action was filed and removal of this action is barred by § 1441(b).[2] In light of the foregoing, it is

---

[2] Nevertheless, the forum defendant rule is a procedural defect. See U.S. Bank Nat'l Assoc. v. Smith, 693 F. App'x 827, 829 (11th Cir. 2017) (citing Pacheco de Perez, 139 F.3d at 1372 n.4). As such, the Court may not sua sponte remand this case on that basis. See Whole Health Chiropractic & Wellness, Inc. v. Humana Med. Plan, Inc., 254 F.3d 1317, 1321 (11th Cir. 2001) ("[B]ased on the language of § 1447(c) the district court may not sua sponte decide

4

**ORDERED**:

1. Defendant Tower Hill Signature Insurance Company shall show cause in a written response filed by **September 6, 2023**, why this case should not be remanded for lack of subject matter jurisdiction.  Defendant is cautioned that failure to respond to this Order may result in the remand of the action without further notice.

2. Plaintiffs Michael and Connie Smith shall have up to and including **September 20, 2023**, to file a motion to remand in this action, if they so choose.

**DONE AND ORDERED** in Jacksonville, Florida, this 23rd day of August, 2023.

_____
MARCIA MORALES HOWARD
United States District Judge

lc11
Copies to:

Counsel of Record

---

to remand the case for any procedural defect other than lack of subject matter jurisdiction."). "Instead, if the only basis for remand is a procedural defect, then a court must wait for the plaintiff to file a timely motion to remand." See U.S. Bank Nat'l Assoc., 693 F. App'x at 829. Indeed, procedural defects may be waived if a plaintiff fails to move to remand within thirty days of the removal.  See Whole Health Chiropractic & Wellness, Inc., 254 F.3d at 1321; see also 28 U.S.C. § 1447(c).